# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. SHONK,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 06cv1352-LAB (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT**<br><br>[Dkt No. 9, 12] |

Plaintiff Patricia A. Shonk ("Shonk"), proceeding with the assistance of counsel, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 1381, *et seq*. She filed a Motion For Reversal And/Or Remand, challenging as not supported by substantial evidence and based on legal error the Commissioner's decision to adopt the Administrative Law Judge's ("ALJ") February 22, 2005 decision finding her not disabled. Dkt No. 9. The Commissioner filed a Cross-Motion for summary judgment, arguing the ALJ's decision should be affirmed. Dkt No. 12. Shonk filed no opposition to the Commissioner's motion.

Pursuant to 28 U.S.C. § 636(b)(2) and FED.R.CIV.P. ("Rule") 72(b), this matter was referred to Magistrate Judge Louisa S. Porter for a Report and Recommendation ("R&R"). Judge Porter recommends Shonk's Motion be denied and the Commissioner's Motion be granted. Dkt No. 16. She set a filing deadline for Objections to the R&R of August 20, 2007. None were filed.

A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Rule

1  72(b); *see* 28 U.S.C. §636(b)(1). A party objecting to the recommended disposition of the matter may "serve and file specific objections to the proposed findings and recommendations," and "a party may respond to another party's objections." Rule 72(b). "[T]he court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980) (when objections are made, the court must make a *de novo* determination of the factual findings to which there are objections). The court also reviews *de novo* the magistrate judge's conclusions of law. Gates v. Gomez, 60 F.3d 525, 530 (9th Cir. 1995). That statutory provision does not require the district court to conduct some lesser review when no objections are filed. Thomas v. Arn, 474 U.S. 140, 149-50 (1985); *but see* Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007) (the magistrate's conclusions of law are reviewed *de novo*, regardless of whether any party has filed objections thereto). "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).

Neither party has contested the proposed findings of fact in this R&R. In the absence of objections, the court assumes their correctness. Orand, 602 F.2d at 208; Raddatz, 447 U.S. at 676. The court has reviewed *de novo* the legal standards the R&R applied to the recited facts in reaching its conclusions of law. The court finds the analysis cogently demonstrates the ALJ's decision to deny Shonk's disability claim was supported by substantial evidence, in consideration of the correct disability standards claimants must satisfy at each of the regulatory steps in the review process.

For the forgoing reasons, the Court **ADOPTS** the R&R analysis and **ACCEPTS** the recommended results. **IT IS HEREBY ORDERED** Shonk's motion for remand or reversal is **DENIED**, the Commissioner's cross-motion for summary judgment is **GRANTED**, and the decision to deny benefits is **AFFIRMED**. The Clerk of Court shall terminate this case.

**IT IS SO ORDERED**.

DATED: September 4, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge